**IN THE DISTRICT COURT OF THE UNITED STATES** RECEIVED
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

2005 MAY 27 P 3: 00

DEBRA P. HACKETT, CL
U.S. DISTRICT COURT
MIDDLE DISTRICT AL

| | | |
|---|---|---|
| HORACE WILLIS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | **CIVIL ACTION NO.:** |
| | ) | |
| v. | ) | 3 : 05 cv 507 - C |
| | ) | |
| WESTPOINT STEVENS, INC., | ) | |
| | ) | **JURY DEMAND** |
| Defendant. | ) | |

## COMPLAINT

### I.    INTRODUCTION

1.    This is an action for declaratory judgment, equitable relief, and money damages, instituted to secure the protection of and to redress the deprivation of rights secured through Title VII of the Act of Congress commonly known as "The Civil Rights Act of 1964," 42 U.S.C. §§ 2000(e) et seq. as amended by "The Civil Rights Act of 1991," 42 U.S.C. § 1981a (hereinafter "Title VII") and 42 U.S.C. § 1981, which provide for relief against discrimination in employment on the basis of race.   The plaintiff seeks compensatory and punitive damages, and request a jury trial pursuant to 42 U.S.C. § 1981a.

### II.    JURISDICTION AND VENUE

2.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 1343(4); 28 U.S.C. §§ 2201 and 2202; and 42 U.S.C. § 2000e-5(f)(3).

3.    The unlawful employment practices alleged hereinbelow were committed by the defendant within Chambers County, Alabama.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(g).

4.    The plaintiff request a jury trial on all issues pursuant to 42 U.S.C. § 1981a.

### III.    PARTIES

5.    Plaintiff, Horace Willis, Jr. ("Willis"), is an African-American male citizen of the United States, and a resident of the State of Alabama.  Plaintiff is an employee of the defendant, West Point Stevens.

6.    Defendant, West Point Stevens (hereinafter "WPS")is a Delaware corporation licensed to do business and operating in Chambers County, Alabama.  WPS is an employer within the meaning of 42 U.S.C. § 2000e(a) and (b) and at all times relevant to this action WPS has employed at least fifteen (15) or more employees.  At all times relevant to this action the plaintiff was an employee of WPS and was rightfully attempting to make and/or enforce the terms of contract(s) regarding his employment.

### IV..    ADMINISTRATIVE EXHAUSTION

7.    The plaintiff has satisfied all conditions precedent required pursuant to Title VII.

8.    On or about February 2, 2004, the plaintiff timely filed a charge of employment discrimination with the Equal Employment Opportunities Commission, the "EEOC", (Charge #130-2004-01152), in which he complained that the defendant subjected him to racial discrimination in relation to the terms, conditions and benefits of his employment and specifically in the area of promotions.

9.    Plaintiff subsequently received an authorization to file a private action and is filing this complaint within ninety (90) days of receiving this authorization.

### V.    FACTS AND CLAIMS

10.    The plaintiff realleges and incorporates by reference paragraphs 1-9 above with the same force and effect as if fully set out in specific detail hereinbelow.

2

11.    Willis became employed with WPS in March1987 as a packer and has since held various positions with WPS, including that of an Automatic Machine Technician *i.e.*, a "fixer", since October 1996.

12.    During his eighteen (18) years of employment with WPS, Willis has repeatedly received positive performance evaluations and commendations for his work performance.

13.    The position of Head Machine Technician was vacant in late 2003.  WPS did not post this vacancy or the position.

14.    Plaintiff met the qualifications for this position and expressed to management that he was interested in filling the Head Machine Technician position.

15.    In November 2003 the Head Machine Technician position was given to Jonathan Thompson ("Thompson"), a white male.

16.    Thompson had less seniority than the plaintiff, less experience as a "fixer" than the plaintiff, and was less qualified than plaintiff for the Head Machine Technician position.

17.    The plaintiff had trained Thompson to be a "fixer."

18.    Plaintiff was qualified for the position sought and was capable and able to perform the functions and duties of the position.

19.    In December 2003 the plaintiff complained to WPS management that Thompson received the Head Machine Technician position "because he is white" and that the plaintiff had not been given the same opportunity for the position.

20.    Plaintiff's complaint was ignored, no investigation was conducted, and no action was taken by WPS in response to his complaint of racial discrimination.

21.    Plaintiff was discriminated against and denied the position based at least in part on

his race, African-American, in violation of Title VII and §1981.

22.     The unlawful conduct of the defendant as described above was done with malice
and/or reckless disregard of and/or deliberate indifference to the plaintiff's federally protected rights.

23.     The defendant's conduct as described above caused the plaintiff emotional distress,
mental anguish, loss of enjoyment of life, inconvenience, and humiliation.

## COUNT I - DISCRIMINATION IN VIOLATION OF TITLE VII AND 42 U.S.C. §1981

24.     The plaintiff re-alleges and incorporates by reference paragraphs 1-23 above with the
same force and effect as if fully set out in specific detail hereinbelow.

25.     As set out in detail above, the defendant unlawfully discriminated against the plaintiff
on the basis of his race, African-American, with respect to his position, wages, denial of promotion,
and other terms, conditions and benefits of his employment, as set out above.

26.     Said discrimination was done maliciously, willfully, and with reckless disregard for
the federally protected rights of the plaintiff.

27.     Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs
alleged herein and this suit for backpay, declaratory judgment, injunction relief, and compensatory
and punitive damages is his only means of securing adequate relief.

28.     Plaintiff is now suffering, and will continue to suffer irreparable injury from
defendant's unlawful conduct as set forth herein unless enjoined by this Court.

## VI.     PRAYER FOR RELIEF

**WHEREFORE,** the plaintiff respectfully prays that this Court assume jurisdiction of this
action and after trial:

4

1.    Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the defendant are violative of the rights of the plaintiff, as secured by Title VII and 42 U.S.C. § 1981.

2.    Grant plaintiff a permanent injunction enjoining the defendant, its agents, successors, employees, attorneys and those acting in concert with the defendant and at the defendant's request from continuing to violate Title VII and 42 U.S.C. § 1981.

3.    Grant plaintiff an order requiring the defendant to make him whole by placing him in the position with the defendant he would have occupied absent the discriminatory conduct or frontpay, backpay plus interest, and by awarding him compensatory, and/or nominal damages, attorney's fees, costs, and expenses.

Respectfully submitted,

Ann C. Robertson ROBEA7007
Temple D. Trueblood TRUET0355
Counsel for Plaintiff

OF COUNSEL:

WIGGINS, CHILDS, QUINN & PANTAZIS, L.L.C.
The Kress Building
301 19th Street North
Birmingham, Alabama  35203
Telephone: (205) 328-0640
Facsimile: (205) 254-1500

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL ISSUES TRIABLE BY A JURY.**

OF COUNSEL

Plaintiff requests this Honorable Court to serve via certified mail upon each of the named defendants the following : Summons, Complaint.

<u>Defendant's Address:</u>

WestPoint Stevens, Inc.
c/o Registered Agent
CSC Lawyers Incorporating Service, Inc.
150 South Perry Street
Montgomery, Alabama 36104

OF COUNSEL

6