IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **HORACE WILLIS, JR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 3:05cv507-C |
| ) | |
| **WESTPOINT STEVENS, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

### ANSWER OF DEFENDANT

Defendant WestPoint Stevens, Inc. ("WPS") answers the Complaint as follows:

### First Defense

1. It is admitted that the Plaintiff seeks relief under the laws and statutes cited. It is denied that WPS has violated any law or statute, and it is denied that Plaintiff is entitled to relief of any type or nature.

2. The jurisdictional provisions of the United States Code are admitted.

3. WPS denies that it committed any "unlawful employment practices" although it is admitted that Plaintiff worked at WPS' facility in Chambers County, Alabama. It is admitted that venue of this action is proper in the Eastern Division of the United States District Court for the Middle District of Alabama.

4. It is admitted that the Plaintiff has demanded a jury trial for all the issues raised in the Complaint that are triable by a jury.

5. The allegations of this paragraph are admitted.

158065.1

6. It is admitted that WPS is a Delaware Corporation. However, WPS is "qualified" as opposed to "licensed" to do business in the State of Alabama. It is admitted that WPS is an employer within the meaning of the cited United States Code section and, at all times relevant to this action, employed at least 15 employees. It is admitted that the Plaintiff was an employee of WPS at the times alleged in the action. However, it is denied that Plaintiff ". . . was rightfully attempting to make and/or enforced the terms of contract(s) regarding his employment" at the time of the incidents alleged in the Complaint.

7. Denied and strict proof thereof is demanded.

8. It is admitted that the Plaintiff filed a charge of discrimination with the EEOC, Charge No. 130-2004-01152, on or about February 2, 2004. It is admitted that the Plaintiff complained in that charge that he had been subjected to racial discrimination. The remaining allegations of this paragraph are denied and strict proof thereof is demanded.

9. The allegations of this paragraph are admitted.

10. WPS readopts and realleges as if fully set forth herein at length its responses to the allegations of paragraphs 1 through 9 above.

11. It is admitted that the Plaintiff has been employed by WPS at various times and in various positions and that he was classified as a machine fixer beginning in October, 1996. The remaining allegations of this paragraph are denied and strict proof thereof is demanded.

12. Denied and strict proof thereof is demanded.

13. The allegations of this paragraph are admitted.

14. Denied and strict proof thereof is demanded.

15. The allegations of this paragraph are admitted.

16. It is admitted that Plaintiff had been employed by WPS for a longer period of time than had Thompson. The remaining allegations of this paragraph are denied and strict proof thereof is demanded.

17. Denied and strict proof thereof is demanded.

18. Denied and strict proof thereof is demanded.

19. It is admitted that Willis complained to a member of management at WPS that Thompson received the head machine technician position "because he is white." The remaining allegations of this paragraph are denied and strict proof thereof is demanded.

20. Denied and strict proof thereof is demanded.

21. Denied and strict proof thereof is demanded.

22. Denied and strict proof thereof is demanded.

23. Denied and strict proof thereof is demanded.

24. WPS readopts and realleges as if fully set forth herein at length its responses to the allegations of paragraphs 1 through 23 above.

25. Denied and strict proof thereof is demanded.

26. Denied and strict proof thereof is demanded.

27. Denied and strict proof thereof is demanded.

28. Denied and strict proof thereof is demanded.

### Second Defense

WPS denies the Plaintiff is entitled to any of the relief he seeks in the "prayer for relief" portion of his Complaint.

### Third Defense

Any allegation of the complaint not specifically admitted is denied and strict proof thereof is demanded.

### Fourth Defense

WPS pleads the general issue.

### Fifth Defense

WPS denies that it is liable to the plaintiff in any respect and denies that the plaintiff is entitled to any of the relief requested in the complaint.

### Sixth Defense

Any action taken by WPS and challenged by the plaintiff as discriminatory was undertaken for legitimate, non-discriminatory, non-pretextual reasons. Alternatively, some or all of the decisions and/or actions challenged as discriminatory would have been undertaken even if the plaintiff had not had the protected status alleged.

### Seventh Defense

WPS did not willfully or intentionally violate any of the statutes or laws referenced in the complaint.

**Eighth Defense**

WPS' actions with respect to the plaintiff were taken in good faith and without discriminatory intent.

**Ninth Defense**

Any of the allegedly discriminatory actions or decisions would have been taken or made by agents or employees of WPS and would have been contrary to WPS' good faith efforts to comply with applicable laws prohibiting discriminatory conduct.

**Tenth Defense**

WPS maintains well known valid and effective policies and procedures which prohibit discrimination. Plaintiff failed to utilize and/or follow such policies or procedures and failed to avail himself of any remedies available under such policies and procedures. Accordingly, plaintiff should not be allowed to recover.

**Eleventh Defense**

Some or all of the claims and/or causes of action alleged in the complaint are barred by the applicable statute or statutes of limitations.

**Twelfth Defense**

Any equitable or declaratory relief sought by the plaintiff is barred by the doctrines of estoppel, laches, or unclean hands.

**Thirteenth Defense**

Some or all of the plaintiff's claims and/or the relief sought are foreclosed as the plaintiff has not done equity.

### Fourteenth Defense

Any punitive damages sought by the plaintiff are unconstitutional under the excessive fines clause of the Eighth Amendment and due process clause of the Fourth Amendment to the United States Constitution and the corresponding provisions of the Constitution of the State of Alabama. Plaintiff's claims for punitive damages are further barred because the acts, if any, and admissions, if any, of WPS, all of which are specifically denied, failed to rise to the level required to sustain an award of punitive damages; were trivial and isolated; were not motivated by evil intent, discriminatory intent, intent to do harm, did not evidence a malicious, known, oppressive, or fraudulent intent to deny plaintiff's protected rights or to harass or otherwise discriminate against plaintiff and were not so wanton or willful as to support an award of punitive damages.

### Fifteenth Defense

To the extent that the Civil Rights Act of 1991 may apply to any allegation of the complaint, (a) the plaintiff is not entitled to punitive damages unless and until the plaintiff demonstrates that WPS acted with malicious or with reckless indifference to the plaintiff's alleged federally-protected rights, and (b) the plaintiff's claims are restricted to the monetary cap provided by the Civil Rights Act of 1991.

### Sixteenth Defense

WPS requests that the Court decline to exercise jurisdiction over the plaintiff's state law claims, if any.

### Seventeenth Defense

WPS reserves the right to amend this answer to add additional defenses as the same become known to WPS.

Respectfully submitted this 24th day of June, 2004.

_____
One of the Attorneys for Defendant
WestPoint Stevens Inc.

OF COUNSEL:

David R. Boyd (BOY005)
John G. Smith (SMI169)
Balch & Bingham LLP
Post Office Box 78
Montgomery, Alabama 36101
334/834-6500
334/269-3115 (fax)

158065.1

7

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the court using the CM/ECF system and service will be perfected upon the following this the 24th day of June, 2005:

Ann C. Robertson
Temple D. Trueblood
Wiggins, Childs, Quinn & Pantazis, P.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203


Respectfully submitted,

/s/ _____
Attorneys for Defendant, West Point Stevens
David R. Boyd (BOY005)
John G. Smith (SMI169)
BALCH & BINGHAM LLP
Post Office Box 78
Montgomery, Alabama 36101-0078
Telephone: (334) 834-6500
Facsimile: (334) 269-3115